CASE 107—PETITION EQUITY—FEBRUARY 13.

## Smith, &c., v. Crutcher, &c.

APPEAL FROM BELL COURT OF COMMON PLEAS.

1. REPEAL OF TOWN CHARTER—CONSPIRACY TO INDUCE LEGISLATURE TO PASS ACT.—An act of the Legislature incorporating the " City of Pineville " had the effect to repeal the existing charter of the "Town of Pineville," and to regulate municipal affairs, including the qualification and election of officers, without regard to the previous town charter. And that there was a conspiracy on the part of speculators to induce the Legislature to pass the act does not invalidate it, nor was it necessary to the validity of the act for it to have been ratified by the town of Pineville or the trustees thereof in the absence of a provision requiring it to be submitted to the people or the trustees of the town for ratification.

**2. ELECTIONS.**—An election held on the day fixed by law, although it may have been held without previous notice, or the manner of holding it may have been in other respects informal, is valid.

JOHN L. SCOTT FOR APPELLANT.

1. Upon demurrer every material allegation of the petition must be taken as true. (Civil Code, sec. 126.)
2. The petition states a cause of action. (Wharton's Law Dictionary and Bouvier's Law Dictionary, "Conspiracy.")

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

At an election held May 3, 1890, in pursuance of the charter of the town of Pineville, approved in 1878, and of an amendment thereto enacted in 1888, appellant, being a candidate for office of police judge of said town, received a majority of votes cast and thereafter received a commission and qualified as such. But April 16, 1890, an "act to incorporate the city of Pineville in Bell county" was passed and approved by which an election for office of police judge was provided to be held May 13, 1890, which was held and appellee was elected to that office. And thereafter appellant instituted this action and obtained an injunction restraining appellee from acting as such police judge, performance of the duties of which he, having qualified, had commenced. But the injunction having, upon final hearing, been dissolved and judgment rendered dismissing the action, this appeal is prosecuted.

No evidence was heard or answer filed, and the single question is whether the facts stated in the petition, that are to be taken as true, are sufficient to constitute any cause of action. There can be no question of the power of the Legislature to pass the Act incorporating the "City of Pineville," which was intended and had the effect to repeal the existing charter of the "Town of Pineville" and to regulate municipal affairs, including

the qualification and election of officers without regard to the previous town charter. No question is made in the petition of the qualifications of appellee for the office, or the election having been held on the day fixed in the Act of April, 1890, nor of his having received a majority of the votes cast at that election.

It does not make any difference whether there was or not, as alleged, a conspiracy on the part of speculators to induce the Legislature to pass the Act of April, 1890, nor was it necessary to the validity of that Act for it to have been approved or ratified by appellant, the town of Pineville or the trustees thereof, in the absence of a provision requiring it to be submitted to the people or trustees of the town for ratification or approval. For as the statute appears to have been passed by the Legislature and approved it must be treated as valid and effectual for all the purposes of its enactment.

It is in a general way alleged in the petition that an unlawful mob or conspiracy was formed between appellee, the city of Pineville, and a large number of persons, for the purpose of seizing control of municipal affairs of Pineville without authority of law, and that the election of May 13 was held without previous notice. But if, as is admitted in appellant's petition, the election was held on the day fixed by the Act of April, 1890, appellee was a citizen of Pineville, had the qualifications prescribed by the city charter, and was voted for by the legal voters of the city, he is entitled to the office although the manner of holding the election may have been informal, and consequently the action was properly dismissed.

Judgment affirmed.