BIBB et al. v. BLUFFDALE STATE BANK.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 21, 1914.)

1. BILLS AND NOTES (§ 140*)—RENEWAL—EFFECT—LIABILITY ON ORIGINAL.

Defendants, who were sureties on a note, signed a renewal thereof, but the principal did not sign. *Held*, that the failure of the principal to sign was no defense to an action on the original note.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 355–359; Dec. Dig. § 140.*]

2. APPEAL AND ERROR (§ 1068*)—REVIEW—HARMLESS ERROR.

Where defendant filed a plea in reconvention, setting up his right to actual and punitive damages for plaintiff's wrongful attachment of exempt property, errors in the charge on the measure of actual and punitive damages are harmless, where no damages were allowed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

Appeal from Erath County Court; R. L. Thompson, Judge.

Action by the Bluffdale State Bank against J. H. Bibb and others. From a judgment for plaintiff, defendants appeal. Affirmed.

B. E. Cook, of Stephenville, for appellants. Chandler & Pannill, of Stephenville, for appellee.

DUNKLIN, J. The Bluffdale State Bank instituted this suit against W. N. Eades, J. S. Meador, J. H. Bibb, and J. P. Jenkins, but subsequently was dismissed as to Jenkins upon the allegation that he was notoriously insolvent and that he was a nonresident of the state. The cause of action alleged was a promissory note in plaintiff's favor executed by the defendants.

In reply to the petition, the defendants alleged that they signed the note as accommodation sureties for one J. Sam Jenkins, who had not then signed it, and under an agreement by and with plaintiff's agent that the note was not to become effective until it should be signed by said Jenkins; that said principal had never signed it, and therefore defendants were not liable thereon.

The defendant Bibb further pleaded in reconvention against the plaintiff for damages, actual and exemplary, alleged to have resulted to him for the wrongful issuance and levy of a writ of garnishment which prevented him from using certain funds which were exempt from the payment of the plaintiff's debt by reason of the fact that the same were the proceeds of the sale of his homestead, which sale occurred less than six months prior to the service of the writ.

Plaintiff then filed a supplemental petition containing a general demurrer and certain special exceptions to defendants' answer, and alleging that the note sued on was the second renewal of an original note, and that the signatures of each and all of the defendants were upon some one or more of the former notes, and prayed for judgment upon the former notes, if for any reason it should be adjudged that a recovery could not be awarded upon the note set out in the original petition. None of the defendants filed any reply to this additional cause of action alleged in the supplemental petition.

From a judgment in favor of the bank, the defendants have appealed.

[1] The record shows that, when plaintiff's exceptions to defendants' answer were presented, the trial judge announced that he would reserve his rulings thereon until after he heard the evidence. The trial then proceeded, and, after hearing the evidence, an order was entered sustaining plaintiff's general demurrer and the fourth special exception to the answer because that answer was not verified by the affidavits of the defendants. By different assignments appellants insist that the court erred in sustaining the exception to the answer and in not sustaining the defense thereto alleged. Appellants cite considerable testimony shown in the statement of facts tending to prove the allegations contained in their answer. A discussion of these assignments is unnecessary, for, even though the defense urged should be established, the same would not defeat plaintiff's right to recover on the former notes to which no defense whatever was urged.

[2] Appellant Bibb has presented other assignments of error to the charge of the court upon the measure of actual and exemplary damages alleged in his plea in reconvention. The charge upon the measure of actual damages is criticised in that the amount of interest which the court authorized the jury to find as actual damages for impounding the proceeds of the sale of Bibb's homestead was limited to too short a period of time. In view of the fact that the jury allowed no actual damages, this error, if any, was harmless. Likewise, as no actual damages were allowed, the error, if any, in the instruction on the measure of exemplary damages becomes harmless also.

The judgment is affirmed.