(No. 16211.—Writ denied.)

THE PEOPLE *ex rel.* Frank Comerford, Petitioner, *vs.* AUGUST W. MILLER, Circuit Clerk, Respondent.

*Opinion filed December 16, 1924.*

1. ELECTIONS—*when statutory provision must be regarded as mandatory.* If a statute by express language provides that the omission by an officer or officers to perform some duty imposed will make the election void, or if the observance of the duty is essential to secure the object the legislature had in view, the performance of the duty must be regarded as mandatory.

2. SAME—*what provisions may be regarded as directory.* Duties prescribed by statute relating to election matters will after the election be held directory, and failure to comply with them will not invalidate the election if their non-observance does not affect the fairness or merits of the election and does not obstruct or prevent a free and intelligent vote and ascertainment of the result.

3. SAME—*what determines whether provision is mandatory or directory.* Whether a statutory provision in regard to an election is mandatory or directory depends upon the legislative intent, and where the statute does not declare the performance of the duties prescribed to be essential to the validity of the election, the provision will be regarded as mandatory if such matters affect the real merits, and will be considered directory, only, and not vital to the election, if they do not change or render doubtful the result.

4. SAME—*date and notice are essential to validity of a special election.* Before a valid special election can be held the time for holding it must be fixed and notice of the time given.

5. SAME—*the Governor, only, can call special election to fill vacancy in office of circuit judge—mandamus.* The Governor, only, is authorized to call a special election to fill a vacancy in the office of circuit judge where there is a year or more of the unexpired term, and if the Governor neglects or refuses to do so no legal election can be held, as the statutory provision is mandatory; and the fact that *mandamus* is not available against the Governor does not justify courts in construing the law otherwise.

6. SAME—*a special election must be called by authority designated in statute.* Where the time and place of an election are not fixed by law but the election is to be called and held at a time and place fixed by some other authority named in the statute, it is essential to the validity of the election that it be called and the time and place fixed by the agency designated by the statute.

ORIGINAL petition for *mandamus.*

McCORMICK, KIRKLAND, PATTERSON & FLEMING, (WEYMOUTH KIRKLAND, and WILLIAM H. SYMMES, of counsel,) for petitioner.

ROBERT E. CROWE, State's Attorney, (WILLIAM H. DU-VAL, and WILLIAM H. GRUVER, of counsel,) for respondent.

Mr. JUSTICE FARMER delivered the opinion of the court:

By leave of this court granted on the last day of the June term, the People, on the relation of Frank Comerford, filed this petition for a writ of *mandamus.* The relator claimed to have been legally elected judge of the circuit court of Cook county on June 2, 1924, to fill a vacancy; that there is money due him as salary from Cook county; that August W. Miller, respondent, is clerk of the circuit court of Cook county, and it is his duty to put relator's name on the pay-roll of the judges of the circuit court but that he refuses to do so. Relator prays that the peremptory writ of *mandamus* issue, commanding respondent to place relator's name on the pay-roll.

The case is submitted on the petition, answer and briefs, there being no dispute as to the facts, which, so far as material, are as follows: John K. Prindiville, a judge of the circuit court of Cook county, died February 28, 1924. The unexpired term for which he was elected was more than a year and the vacancy could only be filled by a special election. On March 3, 1924, respondent, as clerk of the circuit court, notified the Governor of the death of Judge Prindiville, as the law required. The Governor took no action toward calling an election to fill the vacancy. The time for the regular election of a judge of the Supreme Court for the seventh district, of which Cook county is a part, was fixed by law for June 2. On March 5 the democratic committee of Cook county, by its chairman, filed notice with the Secretary of State that the democratic party had called a convention for April 14 to nominate a candidate to fill the vacancy caused by the death of Judge Prindiville, to be voted for at an election June 2. On May 3 a nomination certificate was filed with the Secretary of State, stating relator had been nominated at a judicial convention for the office of judge of the circuit court to fill the vacancy. Thereafter the county clerk of Cook county gave notice, more than fifteen days prior to June 2, of the special election and certified relator's name to the board of election commissioners for the city of Chicago. The election commissioners also gave more than fifteen days' notice of the election prior to June 2. Relator's name was printed on the official ballot. No opposing candidate's name for the same office was printed on the ballot. The ballots voted in the territory of the county under the jurisdiction of the election commissioners were canvassed and tabulated by them and those cast in territory outside the election commissioners' jurisdiction were canvassed and tabulated by the county clerk. Relator received 105,266 votes for said office and no other candidate to fill the vacancy received any votes. The county clerk issued a certificate

of election to relator and he took the oath of office. The county clerk also certified the return of the election and tabulation of votes to the State canvassing board, also certified to the Secretary of State that relator had been elected to the office at an election on June 2 and transmitted to the Secretary of State the oath of office taken by relator. The State canvassing board refused to act upon the returns and tabulation of votes so certified and the Governor refused to issue a commission to relator.

The decision of this case, of course, depends upon whether relator was lawfully elected to fill the vacancy at the election held June 2. There is no question about notice having been given to the voters that a special election would be held June 2 to fill the vacancy and that more than 100,000 votes were cast for relator, but as the Governor never issued a writ calling an election and fixing the time for it to be held, was the election unlawful and invalid?

Section 125 of our statute on elections provides that every elective office shall become vacant on the happening of the death of the incumbent, his resignation, becoming insane, ceasing to be an inhabitant of the State, conviction of an infamous crime, removal from office, and other causes enumerated. Section 126 provides that whenever it is alleged a vacancy exists in any office, the officer whose duty it is to fill the vacancy by appointment shall have power to determine whether or not the facts occasioning the vacancy exist. Section 131 provides that in case of a vacancy in the office of judge of the circuit court the clerk of the court shall notify the Governor of such vacancy. If the vacancy occurs within one year before the expiration of the term of the office the Governor shall fill such vacancy by appointment, but if the unexpired term exceeds one year "the Governor shall issue a writ of election as in other cases of vacancies to be filled by election." Section 134 provides that the act shall apply to all elections, general and special. If the vacancy is alleged to have occurred from some of the

causes mentioned, the officer having the duty of appointing a successor or calling an election to fill the vacancy would have the power, and it would be his duty, to determine whether the facts alleged to have caused the vacancy existed, but where the vacancy is caused by the death of the incumbent there are no facts to be investigated and determined after notice that the incumbent is dead, by the officer whose duty it is by law to notify the officer having power to appoint or to call an election. The Governor was notified by the proper officer, who is respondent here, March 3, 1924. The statute made it the duty of the Governor to issue a writ of election, fixing the time when said election should be held. No authority is conferred by statute upon any other person or officer to call the special election if the Governor neglects to act.

It seems important, in view of previous decisions of this and other courts, to determine whether the statute providing that "the Governor shall issue a writ of election" is mandatory or directory. There is no express language in the statute that if the Governor fails to issue a writ of election any election held shall be void. There are many irregularities in election matters which do not prevent or obstruct the voters from exercising the right to vote, or the fair and honest ascertainment of the result of the election, which do not render the election void. If a statute by express language provides that the omission by an officer or officers to perform some duty imposed will make the election void, the performance of the duty is regarded as mandatory. This subject was discussed at length and many authorities referred to in *People* v. *Graham,* 267 Ill. 426, which was a case involving the validity of an election where there had been some failure of the officers to comply with the provisions of the statute. This court said a mandatory statute is one the omission to follow which will render the proceeding to which it relates illegal and void. Directory statutes are not intended to be disregarded, but the conse-

quences of disregarding them do not necessarily render a proceeding void. If the observance of the duty is essential to secure the object the legislature had in view it is mandatory. The court, referring to statutes on elections, said that all provisions of the statutes are mandatory in the sense that they impose a duty, but that it does not follow that any departure therefrom will render the whole proceeding void. After an election is held all provisions of the statute should be held directory in support of the result, unless the departure was of a character to obstruct or prevent a free and intelligent vote and ascertainment of the result. The court said in part: "This court has stated in some of the decisions already cited, and in other cases, that 'where a statute imposes duties upon officials connected with the holding of an election and by express language provides that the omission to perform the same shall render the election void, then all courts are bound to enforce such statute and pronounce the election void, regardless of all considerations touching its policy or impolicy; but if, as in most cases, the statute simply provides that certain acts or things shall be done within a particular time or in a particular manner and does not declare that their performance is essential to the validity of the election, then they will be regarded as mandatory if they do, and directory if they do not, affect the actual merits of the election.' (*People* v. *Crossley,* 261 Ill. 78; *Parker* v. *Orr,* 158 id. 609; *Blankinship* v. *Israel,* 132 id. 514.) We have also said that where a statute does not declare the performance of certain duties by public officials in connection with the election to be essential to the validity of the election, it will be regarded as mandatory if such matters affect the real merits, but will be considered directory, only, and not vital to the election, unless they are such, in themselves, as to change or render doubtful the result. (*People* v. *Green,* 265 Ill. 39.) 'Election statutes are to be tested like other statutes but with a leaning to liberality in view of the great public purposes

which they accomplish; and except where they specifically provide that a thing shall be done in the manner indicated, and not otherwise, their provisions designed merely for the information and guidance of the officers must be regarded as directory, only, and the election will not be defeated by a failure to comply with them, providing the irregularity has not hindered any who were entitled from exercising the right of suffrage or rendered doubtful the evidence from which the result was to be declared.'—Cooley's Const. Lim. (7th ed.) sec. 928." *Blattner* v. *Dietz,* 311 Ill. 445, is to the same effect as *People* v. *Graham.*

The decisions of this court and of the courts of other States generally, are that duties prescribed by statute relating to election matters will, after the election, if their non-observance does not affect the fairness or merits of the election, be held directory, and the failure to comply with the statute will not invalidate an election. This rule does not apply to a mandatory statute, compliance with which is indispensable to holding a valid election. If the duty imposed on the Governor by section 131 is directory, then the non-performance of the duty would not necessarily invalidate the election, or if the duty belongs to that class of duties which after the election may be held to be directory, the failure to issue the writ would not invalidate the election. It is not disputed that the voters were given notice of the election and that more than 100,000 persons voted for relator. If the statute is mandatory, compliance with its requirement was essential to a valid election. Whether a statute is mandatory or directory depends upon the legislative intention. (*People* v. *Graham, supra; Blattner* v. *Dietz, supra.*) It does not seem to us open to question that the statute imposing the duty upon the Governor to issue the writ for a special election to fill a vacancy is, and was intended by the legislature to be, mandatory. If that is so, the issuance of a writ of election was essential before a valid election could be held. The statute does not fix the

time for a special election. Before a valid special election can be held, the time for holding it must be fixed and notice of the time given. The statute has imposed that duty upon the Governor and no one else. It is imperative that he fix it by a writ of election, and if he neglects or refuses to do so no legal election can be held. The cases we have referred to, and *Schuler* v. *Hogan,* 168 Ill. 369, all hold that the failure to observe directory provisions of election statutes, when the election was honestly and fairly held, an opportunity to vote was afforded all legal voters and no uncertainty is cast on the result, will not affect the validity of an election. But the statute here under consideration can not be held to be directory, for compliance with it is essential to holding a special election. The time for holding a special election can only be fixed by the issuance of a writ of election by the Governor. No special election had been held in the case considered in *People* v. *Czarnecki,* 312 Ill. 271, but the court said, where the law did not fix the time of an election but the statute conferred that power on some authority, it is essential to the validity of the election that the time be fixed by the agency designated and no other,— citing *Stephens* v. *People,* 89 Ill. 337, and *Snowball* v. *People,* 147 id. 260, which unquestionably support the rule. In *Force & Co.* v. *Town of Batavia,* 61 Ill. 99, the election there considered was for the purpose of voting on the question of issuing bonds of the township in aid of a railroad. The law made it the duty of the town clerk, upon the application of fifty voters of the town, to call an election. The election was called by the supervisor, and it was claimed there was not proper notice given or that the election was not fairly conducted, but the court said it was void because not ordered by anyone having authority to call an election. In the *Stephens case, supra,* this court considered the validity of an election called by the mayor of a municipality, whereas the law provided the election should be called by the mayor and council jointly. The court said, when the

314–31

time and place of an election are not fixed by law but the election is to be called and held at a time and place fixed by some other authority named in the statute, it is essential to the validity of the election that it be called and the time and place fixed by the agency designated by the statute, and none other.    The court said in that case, the remedy by *mandamus* was available to compel the officers to perform their duty.

It is argued the remedy by *mandamus* is not available in a case of this kind, because the Governor cannot be compelled by *mandamus* to perform his duty.    (*People* v. *Dunne,* 258 Ill. 441; *People* v. *Lowden,* 285 id. 618.)    It is argued the legislature would not make it mandatory on the Governor to issue the writ of election when it knew if he refused to perform the duty he could not be compelled to do so by *mandamus,* and that if he ignored the statutory mandate a situation was possible by which the public interests would be greatly prejudiced by the Governor's refusal to perform his statutory duty.    However that may be, courts cannot legislate but must construe and give effect to statutes enacted by the department of the government which has authority to enact statutes.    The legislature has provided who shall fix the time for holding a special election and how it shall be fixed.    Until the legislature has adopted some other method or conferred the duty on some other officer to call a special election in such cases as this, the method provided by section 131 must be adhered to by the courts.    The duty and responsibility rest upon the Governor, and a neglect or refusal by him to perform the duty cannot justify an unauthorized official to call the special election.

The election of June 2 to fill the vacancy was void, and relator was not entitled to be placed on the pay-roll as a judge of the circuit court.                    *Writ denied.*