(No. 16210.—Writ denied.)

THE PEOPLE *ex rel.* John J. Kelly, Petitioner, *vs.* SAMUEL E. ERICKSON, Clerk of the Superior Court, Respondent.

*Opinion filed February 17, 1925.*

This case · is controlled by the decision in *People* v. *Miller,* 314 Ill. 474.

ORIGINAL petition for *mandamus.*

McCORMICK, KIRKLAND, PATTERSON & FLEMING, (WEYMOUTH KIRKLAND, and WILLIAM H. SYMMES, of counsel,) for petitioner.

ROBERT E. CROWE, State's Attorney, (WILLIAM H. DUVAL, and WILLIAM H. GRUVER, of counsel,) for respondent.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

The People, on the relation of John J. Kelly, by leave of this court filed this petition for a writ of *mandamus* to compel Samuel E. Erickson, clerk of the superior court of Cook county, respondent, to put relator's name ·on the pay-roll of the judges of the superior court of Cook county. The answer to the petition does not deny any of the facts alleged in the petition and the case is submitted upon the petition, answer and briefs, and the only questions presented for decision are questions of law.

The facts are substantially as follows: On December 5, 1923, Charles A. McDonald, a judge of the superior court of Cook county, transmitted his resignation as such judge to the Governor. The unexpired term of the office for which he was elected was more than one year and the vacancy could only be filled by a special election. On February 21, 1924, the respondent, Samuel E. Erickson, as

clerk of the superior court, notified the Governor of the vacancy caused by the resignation of Judge McDonald. The Governor made no official declaration that a vacancy in the office existed and he did not call an election to fill the vacancy until August 11, 1924, on which date he issued a writ of election to fill the vacancy, naming November 4, 1924, as the date of the election. On March 5, 1924, the democratic county committee of Cook county notified the Secretary of State that a convention had been called by that party for April 4, 1924, to nominate a candidate for judge of the superior court of Cook county to fill such vacancy, and thereafter, on May 3, 1924, a certificate of nomination was filed with the Secretary of State, in which it was stated that the relator had been nominated as a candidate to fill such vacancy. The clerk of the county court thereafter gave notice of an election to fill such vacancy to be held June 2, 1924, and certified relator's name to the board of election commissioners of the city of Chicago as the democratic candidate. The election commissioners also gave notice of the election more than fifteen days prior to June 2, 1924. June 2, 1924, was the day fixed by statute for the regular judicial election to elect a judge of the Supreme Court in the seventh judicial district, of which Cook county is a part. Relator's name was printed on the official ballot and at that election he received 103,757 votes. No other candidate was nominated to fill the vacancy and no votes were cast for any other candidate. The ballots cast in the city of Chicago were tabulated and canvassed by the election commissioners for the city and those cast outside of the city were canvassed and tabulated by the clerk of the county court. The county clerk thereupon issued a certificate of election to the relator and he took the oath of office. The county clerk transmitted the certificate of election and oath of office to the Secretary of State, but the Governor did not issue a commission to the relator. The county clerk also certified the returns of the election and tabulation of the votes to the

State canvassing board. That board did not tabulate the vote for relator and did not proclaim his election and refused to tabulate the vote or certify his election. The respondent is the clerk of the superior court of Cook county, and it is made his duty by law to make up a pay-roll of the judges of the superior court on the first and fifteenth of each month and transmit it to the county board of Cook county for its approval. Relator requested respondent to place his name on the pay-roll to be made up on June 15, 1924, but he refused to do so. This petition prays for the writ of *mandamus,* directed to the respondent, to place relator's name on that pay-roll.

The relator contends that he was legally elected judge of the superior court of Cook county at the election held June 2, 1924, notwithstanding the fact that the Governor had issued no writ of election for an election on that date. The question for determination is whether or not the relator was lawfully elected to fill the vacancy in the office of judge of the superior court at that election. This identical question was decided by this court in the recent case of *People* v. *Miller,* 314 Ill. 474. The facts in that case are similar to the facts in this case in all particulars, except in that case the vacancy had occurred in the circuit court instead of in the superior court and had occurred by reason of the death of the incumbent instead of his resignation. All of the questions presented by this record were there decided, and it was held that the election on June 2, 1924, to fill the vacancy was void and that the relator was not entitled to have his name placed on the pay-roll as a judge of the circuit court. The law as laid down in that case is in every respect applicable to this case, and for the reasons therein stated the alleged election of the relator was void and he is not entitled to have his name placed on the pay-roll as a judge of the superior court of Cook county.

*Writ denied.*