## Furste, County Clerk, v. Gray.

(Decided October 20, 1931.)

RICHARD T. VON HOENE and MYERS & HOWARD for appellant.

E. W. PFLEUGER for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

Richard H. Gray instituted this action against Sam Furste, clerk of Kenton county, in the Kenton circuit court, seeking to obtain a writ of mandamus requiring and commanding the clerk to issue to him a certificate of nomination as the Republican candidate for the unexpired term of Sam W. Adams, state senator from the Twenty-Fourth senatorial district of Kentucky, composed of the county of Kenton.

By the petition, as amended, it is made to appear that by regular election held in November, 1929, Sam W. Adams was elected state senator from the Twenty-Fourth senatorial district for the regular four-year term beginning January 1, 1930; that he qualified and served as such senator during the 1930 session of the General Assembly of Kentucky, but thereafter, on the 16th day of October, 1930, he was elected or appointed by the city commissioners of the city of Covington to the office of city solicitor. There is filed as an exhibit with the petition a certified copy of an ordinance of the city of Covington passed on January 14, 1914, creating the office of city solicitor and providing for the election of such solicitor, prescribing his duties and fixing his salary. There is also filed as an exhibit with the petition, a certified copy of a resolution of the board of commissioners of the city, passed October 2, 1930, appointing Sam W. Adams to the "office or position" of solicitor of the city of Covington at a salary of $3,600 per year and providing that he begin his duties as such solicitor from the 16th day of October after taking the oath required by law, and that he hold the "office or position" until his successor be duly appointed and qualified.

It is alleged that Sam W. Adams accepted the appointment and has ever since performed the duties of said office or employment and has received the compensation provided by ordinance or resolution creating the office; that by accepting that office or employment he has vacated his office of state senator.

The county clerk interposed a special and general demurrer to the petition, as amended, which demurrers were overruled, and he, declining to further plead, judgment was entered sustaining a motion for a writ of mandamus and ordering and requiring the county court clerk to issue to the plaintiff a certificate of nomination. From that judgment the county clerk has prosecuted this appeal.

In determining questions presented for decision, we shall, without so deciding, assume that there is and has been a vacancy in the office of state senator in the district in question, since Mr. Adams is alleged to have accepted the office of city collector of Covington on October 16, 1930.

Excepting sections 85, 155, and 222, relating, respectively, to the offices of Governor, common school trustee, and offices in the militia, the only section of our Constitution relating to the method of filling vacancies in elective offices is section 152, which provides:

"Except as otherwise provided in this Constitution, vacancies in all elective offices shall be filled by election or appointment, as follows: If the unexpired term will end at the next succeeding annual election at which either city, town, county, district, or state officers are to be elected, the office shall be filled by appointment for the remainder of the term. If the unexpired term will not end at the next succeeding annual election at which either city, town, county, district or state officers are to be elected, . . . the office shall be filled by appointment until said election, and then said vacancy shall be filled by election for the remainder of the term. If three months do not intervene between the happening of said vacancy and the next succeeding election at which city, town, county, district or state officers are to be elected, the office shall be filled by appointment until the second succeeding annual election at which city, town, county, district or state officers are to be elected; and then, if any part of the term remains unexpired, the office shall be filled by election until

the regular time for the election of officers to fill said offices. Vacancies in all offices for the state at large, or for districts larger than a county, shall be filled by appointment of the governor; all other appointments shall be made as prescribed by law. No person shall ever be appointed a member of the general assembly, but vacancies therein may be filled at a special election, in such manner as may be provided by law.''

As authorized by section 152, supra, the General Assembly has enacted section 1524, Ky. Statutes, providing the manner in which vacancies in either branch of the General Assembly may be filled. That section reads:

''When a vacancy happens in either branch of the general assembly during its session, the presiding officer of the house in which the vacancy occurs shall issue the writ of election; if the general assembly is not in session, the writ shall be issued by the governor.''

It is earnestly urged by counsel for appellee that the vacancy in this instance must be filled at the approaching election in November and that nominations of candidates for the unexpired term should have been made at the August primary of this year; in other words, that the vacancy should be filled in accordance with the provisions of section 152 of the Constitution and section 1522 of the Statutes relating to vacancies in elective offices, and, further, that section 148 of the Constitution is controlling and conclusive of this case.

Counsel for appellant urges with equal vigor and ability that there can be no valid election to fill a vacancy in either branch of the General Assembly until a writ of election issues in conformity with provisions of the Statutes, sec. 1524, supra.

The purpose of excepting vacancies in either branch of the General Assembly from the general provisions of section 152 of the Constitution is at once apparent when we come to consider that under our theory of government ''all power is inherent in the people, and all free governments are founded on their authority'' (Constitution, sec. 4), and that they are sovereign and in them alone is vested the power to abridge or restrict that sovereignty. By adopting a Constitution which makes this exception, the people have expressly reserved the right

under all circumstances to choose for themselves and not to delegate to others the power to even temporarily select their representatives who make up and constitute the only body empowered to enact laws which may place any further restriction or limitation upon those inherent powers. Essential to democratic government is the right of every qualified voter to express a choice in the selection of elective officers, and to this end it is necessary that notice, actual or constructive, of the time for holding the election, should be given. Out of the presumption that every man knows or takes notice of the law, has grown the generally recognized rule that where, as in cases of general elections, the time is fixed by law, no other notice is necessary. Smith v. Crutcher, 92 Ky. 586, 18 S. W. 521, 13 Ky. Law Rep. 817; McCreary v. Williams, 153 Ky. 49, 154 S. W. 417; 20 C. J. 96.

Statutory provisions relative to proclamation or notice of such elections are generally held to be merely directory, and defects arising out of improper proclamation or notice are generally regarded as technical. But in a special election, such as is under consideration here, an entirely different rule obtains. And where, as in this case, the time for holding such election is not fixed by law, but by the writ of election, strict compliance with the statute relative to the writ is necessary to the holding of a valid election. In other words, such provisions are mandatory, and must be complied with in order to authorize an election.

The framers of the Constitution evidently had in mind that vacancies in the General Assembly should not continue but should be filled immediately in such manner as might be provided by the Legislature; and, had it been the intention that the filling of such vacancy should be controlled by the general provisions of section 152 relating to vacancies, then the inclusion of the exception was a vain thing. The exception itself clearly discloses the intention. And, in enacting section 1524 of the Statutes, the Legislature manifestly had in mind that vacancies in either branch of the General Assembly should be filled at a special election at such time as might be fixed by writ of election issued as therein provided. In any event, it was not meant by this section that such an election should be controlled by the provisions of the Constitution or statute relative to vacancies in elective offices generally.

The conclusion is that the provisions of section 1524, relative to the issuance of the writ of election, are mandatory. This being true, it is a condition precedent to holding a valid election, and any steps theretofore taken by primary, convention, or party authority, looking to the filling of the vacancy, are absolutely void. What we have said in regard to the necessity of a writ of election is neither a new nor open question in this state. We regard the case of Meagher v. Howell, 171 Ky. 238, 188 S. W. 373, 375, as conclusive of the questions to be determined here. In that case, a vacancy in the General Assembly was involved, and the court among other things said:

"The entire proceeding of filling a vacancy contemplates (1) a vacancy; (2) the issuing of a writ of election for a specific date; and (3) nominations of candidates to be voted for, in the order given. Any other view would be an unusual and strained construction, never contemplated by the makers of our election laws.

"Evidently the purpose of the party law, and all similar provisions, is to require the selection of candidates to be made within a reasonable time before the election.

"These provisions, when taken in connection with the fact that an election cannot be held to fill this vacancy unless and until it be called by the Governor, make it plain that it was never intended, either by the primary law or by the Democratic party law, that a nomination to fill a vacancy should or could be made before the special election was called."

In People v. Miller, 314 Ill. 474, 145 N. E. 685, 687, the court, in dealing with a question similar to the one here, said:

"It does not seem to us open to question that the statute imposing the duty upon the Governor to issue the writ for a special election to fill a vacancy is, and was intended by the Legislature to be, mandatory. If that is so, the issuance of a writ of election was essential before a valid election could be held. The statute does not fix the time for a special election. Before a valid election can be held, the time for holding it must be fixed and notice of the time given. The statute has imposed that duty

upon the Governor, and no one else. It is imperative that he fix it by a writ of election, and, if he neglects or refuses to do so, no legal election can be held.''

The cases cited are in harmony with those of other jurisdictions. See 20 C. J. 97, and cases cited in annotation.

Involving the same principle is the rule that, where notice of a special election is required by law, compliance therewith is a condition precedent to a valid election. Wooton v. Wheeler, 149 Ky. 62, 147 S. W. 914; State v. Sengstacken, 61 Or. 455, 122 P. 292, Ann. Cas. 1914B, 230; State v. Kehoe, 49 Mont. 582, 144 P. 162; State v. McFarland, 98 Neb. 854, 154 N. W. 719; State v. Salt Lake City, 35 Utah 25, 99 P. 255, 18 Ann. Cas. 1130. Exception, however, is made to this rule by some courts in instances where the special election is held on the day of a general election and a substantial number of voters participate therein.

Section 148 of the Constitution provides:

''Not more than one election each year shall be held in this state or in any city, town, district, or county thereof, except as otherwise provided in this Constitution. . . .''

Argument that this section applies in this case is answered by a reading of it in connection with section 152, wherein it was ''otherwise provided'' that vacancies in the General Assembly may be filled by special election and in such manner as may be provided by law. True, the time for holding the special election may by the writ be fixed for the same day as the general election, that being in the discretion of the officer issuing the writ, but it is no less a special election, and the issuance of the writ no less prerequisite to its validity.

The circumstances of this case demonstrates the wisdom of the constitutional and statutory provisions under consideration, and the soundness of the construction placed upon them. Appellee is contending for a certificate of nomination to fill an alleged vacancy before an election to fill the vacancy is authorized as provided by law, and obviously when few voters were informed or could know of necessity for filling it.

It follows that appellee was not entitled to the relief sought, and any certificate of nomination that has been

or that may be issued to him by virtue of filing his notification and declaration, as alleged in his petition, is a nullity and of no effect whatever.

Judgment reversed, with directions to the lower court to dismiss the petition.

Whole court sitting.