### KERN et al. v. SMITH et al.

### No. 5968.

Court of Civil Appeals of Texas.
Texarkana.

July 9, 1942.

Rehearing Denied July 30, 1942.

194

Moore & Moore, of Paris, for appellants.

C. C. McKinney, of Cooper, Jackson & Stell, of Sulphur Springs, and E. G. Pharr, of Texarkana, for appellees.

WILLIAMS, Justice.

W. S. Kern and others, appellants, the heirs of H. I. Kern, deceased, filed this suit in 1941 against John Preas, J. A. Smith and others, the heirs of Mrs. E. F. Preas, deceased, to enforce a judgment and creditor's lien against the half interest of Mrs. Preas and the 1/12 interest of John Preas in certain lands situated in Delta County, based upon a judgment rendered August 2, 1933, in the District Court of said county. After answering with a general demurrer and general denial, the defendants in a cross action in the nature of a bill of review made a direct attack upon the validity of the 1933 judgment in so far as it had decreed a recovery against Mrs. E. F. Preas. In a trial to the court, the cross action was sustained. Plaintiffs excepted

to the judgment and requested the court to file findings of fact and conclusions of law.

Under point 1, appellants assert "that the judgment of the trial court should be reversed because even if Mrs. Preas was of unsound mind when the renewal note was executed in 1929, the judgment rendered on such note was erroneously vacated, as there was no finding that Mrs. Preas was incompetent at the time of the execution of the original note in 1921."

Pertinent to above point, the court found that the petition in the 1933 suit described and declared upon a promissory note in the sum of $1,030.50, dated November 23, 1929, due November 23, 1930, and alleged that same had been executed and delivered by John Preas and Mrs. E. F. Preas to H. I. Kern; that plaintiffs in the 1933 suit prayed for and judgment was rendered upon said note according to its tenor, reading and effect by default against John Preas and nil dicit as against Mrs. E. F. Preas. The court further found that Mrs. E. F. Preas was a person of unsound mind on November 23, 1929, and continued to be and was a person of unsound mind on August 2, 1933, and at the time of her death on October 19, 1936. No contention is made that there was a finding as to the mental condition of Mrs. Preas in 1921 or at any time prior to November 23, 1929.

In amended pleadings in the instant suit, filed June 25, 1941, defendants alleged that above-mentioned judgment "was invalid and voidable and should be set aside because on the date of the entry of said purported judgment, as well as on November 23, 1929, the date of the execution of the note upon which said judgment was secured, said Mrs. E. F. Preas was not mentally competent to understand the nature of her acts * * * she being on such dates a person of unsound mind." In amended pleadings, filed the same date, plaintiffs set up "that the note declared on in said 1933 suit constituted the last of several renewals of an obligation originally incurred by Mrs. E. F. Preas and John Preas about the year 1921, and that if Mrs. E. F. Preas was ever of unsound mind it was many years after the inception of said indebtedness, and that, therefore, the said Mrs. E. F. Preas could not during her lifetime have questioned the validity of said note nor can the defendants herein, her heirs, now do so." Under further amended pleadings which we assume were

filed prior to trial although the transcript reflects otherwise, defendants pleaded that on the date of entry of judgment, on the date of the note sued on in the 1933 judgment, and at all times as early as the year 1915 and continuously from 1915 to the date of her death in 1936, "Mrs. E. F. Preas was mentally incompetent * * * and of unsound mind * * *."

The evidence introduced in the instant suit, there being none to the contrary, reflects that John Preas became indebted to H. I. Kern in 1921; and that Mrs. E. F. Preas about that time signed a note as surety with John to Mr. Kern. Quoting a witness: "It was paid on all the way along but never was paid out. The last note she give to Mr. Kern, I think, was probably about the time of Mr. Kern's death" (in 1929 or 1930).

It is to be observed from the pleading and evidence above set out that appellants raised the issue in the instant suit that the 1929 note sued on in the 1933 judgment was a renewal of a note executed by the Preas in 1921. It is without question that no issue as to the mental condition of Mrs. E. F. Preas was raised by the pleadings or otherwise presented to, or decided by the court in the 1933 suit. The issue in respect to the 1929 note being a renewal of the 1921 note was not raised by pleadings or otherwise before the court in the 1933 judgment, it being presented for the first time in the present suit after appellees had set up the mental condition of Mrs. E. F. Preas.

█ If this issue of mental incapacity had been raised in the 1933 suit, the court was open to plaintiffs in that suit to amend their pleadings and declare upon the original note, or any subsequent renewal. 6 Tex.Jur. p. 810; Bibb v. Bluffdale Bank, Tex.Civ.App., 164 S.W. 417; Darby v. Farmers' State Bank, Tex.Civ.App., 253 S.W. 341, 344; Cooper Gro. Co. v. Strange, Tex.Com.App., 18 S.W.2d 609, 612; 10 C.J.S., Bills and Notes, p. 770, § 279. In the present litigation when appellees sought to vacate the 1933 judgment because of the alleged mental incapacity of Mrs. Preas, equity would open its doors

and permit appellants to amend their pleading and declare upon the original note. Appellees' cross action to vacate the 1933 judgment, regular and valid on its face, was "a suit in equity to reopen the case and dispose of the litigation on its merits"; and its disposition was governed by the pleading and proof on the entire case. 25 T.J. p. 585 Sec. 185; 25 T.J. p. 672; Lee v. Heuman, 10 Tex.Civ.App. 666, 32 S.W. 93; 24 T.J. p. 411 Sec. 32; Lissner v. State Mortg. Corp., Tex.Civ. App., 29 S.W.2d 849.

█ "Contracts made by persons while sane may be enforced, although the person making the contract or incurring the liability has since become insane or otherwise incompetent." 28 Am.Jur. p. 697; 8 Am.Jur. p. 537; Memphis Nat'l Bank v. Sneed, 97 Tenn. 120, 36 S.W. 716, 34 L.R.A. 274, 56 Am.St.Rep. 788. "In every case involving mental condition, the law indulges a disputable presumption of sanity and casts on the party who alleges insanity the burden of proving his contention." 24 T.J. p. 415; Barnes v. McCarthy, Tex.Civ.App., 132 S.W. 85. The mental condition of Mrs. Preas in 1921 became a material factual issue under this record as a whole, and without an affirmative finding (absent here) that she was then of unsound mind, the judgment here entered vacating the 1933 judgment as to her is without support. The evidence with reference to Mrs. Preas' mind was directed to the year 1929 and subsequent years, with only a casual or incidental reference to the period to 1929.

If upon another trial the matter presented under the 8th point is again before the trial court, attention is directed to Missouri-Kansas-Texas Ry. v. Pluto, Tex. Com.App., 156 S.W.2d 265, 269, and 15 R.C.L. p. 699 Sec. 150; 34 C.J. p. 377, which is thought controlling. It is the opinion of this court that the indexing of the abstract of judgment in the judgment record book meets the requirements of Art. 5448, R.C.S. of 1925.

For the reason above indicated, the judgment below is reversed and the cause is remanded.