**Jerry Paul McGEE and James Berry, Appellants,**

v.

**EUREKA LIFE INSURANCE COMPANY OF AMERICA, Appellee.**

**No. 8495.**

Court of Civil Appeals of Texas, Texarkana.

Sept. 20, 1977.

Peter D. Williamson, Houston, for appellants.

Charles Rob Wilson, Nelson, Montgomery & Robertson, Wichita Falls, for appellee.

CORNELIUS, Justice.

Jerry P. McGee and James Berry were named defendants in an action for debt brought against them in Wichita County by Eureka Life Insurance Company of America, and they appeal from the order of the District Court overruling their pleas of privilege to be sued in Harris County where they reside. Appellee contended and the District Court found that the suit was based upon a written contract performable in Wichita County and that venue there was proper by virtue of Subdivision 5(a) of Article 1995, Tex.Rev.Civ.Stat.Ann. (Supp. 1976–1977).[1]

The petition alleged that appellant McGee entered into a contract with appellee by the terms of which he would act as the company's general agent and would also have authority to appoint other agents; appellant Berry and others were appointed as such agents pursuant to the aforesaid contract; appellee agreed to make certain loans or advances to the agents based upon the annualized commissions produced by them, said loans to be made upon the agents' written applications therefor; the agent's contract, which was incorporated into the loan agreements, provides that the agents shall save appellee harmless from any loss on account of such loans; the agent's contract further makes appellant McGee responsible for all money loaned or advanced to those agents appointed by McGee; and that McGee and Berry were indebted to appellee in the sums of $8,357.97 and $1,447.60 respectively.

When appellants filed their pleas of privilege appellee answered by controverting affidavit which, in addition to incorporating the petition, further alleged that McGee's general agent's agreement and Berry's agent's contract obligated the appellants to repay their respective loans and advances to appellee in Wichita County. Copies of the two contracts were attached to the controverting plea. At the hearing of the pleas of privilege appellee introduced the two agents' contracts into evidence and produced the testimony of Mr. Walk, Vice President and Agency Director of appellee. Mr. Walk testified that he was familiar with the pleadings and that the sums sought to be recovered represented monies advanced to appellants by appellee during the time they were its agents; part of the monies accrued because of lapsed policies on which appellants had received advance commissions; and that the amounts owed had been calculated according to schedules and provisions contained in the agent's contracts. He also testified that when an agent applies

---

1. "5. Contract in writing.—(a) Subject to the provisions of Subsection (b), if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

for an advance commission, the loan or advance is embodied in a written financing statement or loan agreement which is separate from, but is subject to, the agent's contracts. Concerning the "loan agreements," Mr. Walk further testified:

"Q Is the agreement between the parties as to these advances is it set down in the writing?

A No, not in an individual agreement. The company financing agreement is in writing, which is communicated to all agents who participate in it in a verbal manner; then they acknowledge it by their acceptance of the check, which is identified as a loan and by acceptance of the agreement which transmits the check which identifies it as advance against future commissions.

Q Is there any provision in this—in this agreement that it shall be subject to the terms of the—of the agent's and general agent's contract?

A Yes, it's all controlled by the terms of the contract which stipulates as you can see in the provisions of the contract his liability for all monies advanced to him or all monies chargeable to him because of refund of premiums or charges that occur to him."

The District Court found, inter alia, that appellee made the advances to appellants based upon the annualized premiums to be earned under their agent's contracts, and that as such contracts provided that all monies due appellee would be payable in Wichita County, the suit was maintainable there under the provisions of Subdivision 5(a) of Article 1995.

■ Because the loan agreements identified by Mr. Walk were not introduced into evidence, appellants contend that appellee failed to prove the written contracts upon which its suit was based. We cannot agree. It is undisputed that appellants' right to loans or advance commissions arose originally by virtue of the provisions of their agent's contracts. Those contracts specifically provided that appellants were obligated to repay appellee all of such commissions which were not actually earned. The District Court could reasonably deduce from the evidence that the loan agreements were merely the records or itemizations of the amount of the indebtedness which had accrued by virtue of the agents' contracts. Even if they were in the form of promissory notes, such loan agreements, unless they constituted a novation, would be only evidence of, or collateral security for, the primary contractual indebtedness. As such they would be analogous to new or renewal notes given for a pre-existing indebtedness. See *Schwab v. Schlumberger Well Surveying Corp.*, 145 Tex. 379, 198 S.W.2d 79 (1946); *Cooper Grocery Co. v. Strange*, 18 S.W.2d 609 (Tex.Com.App.1929, judgment adopted); 11 Am.Jur.2d, Bills and Notes, Sec. 915, p. 958; 10 C.J.S. Bills and Notes § 444, p. 976. Absent a novation, the creditor may, if he desires, sue on the original obligation. *Kern v. Smith*, 164 S.W.2d 193 (Tex.Civ.App.Texarkana 1942, writ ref'd w. o. m.); *Darby v. Farmers' State Bank*, 253 S.W. 341 (Tex.Civ.App.Amarillo 1923, no writ); *Bibb v. Bluffdale State Bank*, 164 S.W. 417 (Tex.Civ.App.Fort Worth 1914, no writ); 11 Am.Jur.2d, Bills and Notes, Sec. 915, p. 958. Novation is never presumed. *Schwab v. Schlumberger Well Surveying Corp.*, supra; *Darby v. Farmers' State Bank*, supra. It is a matter to be proved, and the party asserting it has the burden of proof. *Darby v. Farmers' State Bank*, supra. It must be established by express agreement of the parties or by acts clearly showing an intention to work a novation. *Cooper Grocery Co. v. Strange*, supra. There is no evidence of novation in this record, but the evidence does support the District Court's conclusion that the true basis of appellee's suit was the obligations imposed upon appellants by the original agent's contracts, and that the indebtedness arising therefrom had not been supplanted by the subsequent loan agreements. As the evidence revealed that at least part of the indebtedness represented advance commissions paid on premiums which were subsequently refunded when policies were can-

celled, and the agent's contracts specifically provide that such sums shall be repaid to appellee in Wichita County, venue was maintainable there pursuant to Subdivision 5(a) of Article 1995. *Middlebrook v. Bradley*, 86 Tex. 706, 26 S.W. 935 (1894); *Baxter v. Wetzel*, 511 S.W.2d 540 (Tex.Civ.App.El Paso 1974, no writ).

■ There remains the question of the adequacy of appellee's pleadings. As noted, appellee pleaded the agent's contracts as the source of the obligations, and the controverting affidavit specifically referred to those contracts and attached them as exhibits. Appellants did not specially except to the pleadings. The pleadings gave fair notice and under the circumstances must be considered sufficient. *Labay v. Amicable Life Ins. Co.*, 261 S.W.2d 476 (Tex.Civ.App. Waco 1953, no writ).

The judgment of the trial court is affirmed.