TCB v. Tubular 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 






NO. 3-90-265-CV





TEXAS COMMERCE BANK - NEW BRAUNFELS,


NATIONAL ASSOCIATION,



 APPELLANT


vs.





JOHN C. HOOPER AND T. F. ROBBINS,



 APPELLEES



 




FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT



NO. C-83-345B, HONORABLE RALPH W. CATON, JUDGE PRESIDING 



 





 Appellant Texas Commerce Bank - New Braunfels, National Association ("TCB")
sued appellees John C. Hooper and Thomas F. Robbins, Jr. to collect on a note executed on
December 22, 1982, by Tubular Inspection Equipment Company, Inc. ("Tubular"). Tubular had
failed to file a required tax report on October 13, 1982. Thus, pursuant to Tex. Tax Code Ann.
§ 171.255 (1982), appellees Hooper and Robbins were liable as officers and directors of Tubular
for debts of the corporation created or incurred after that date. After the jury found that the note,
the fifth in a series, represented debt created or incurred after October 13, 1982, the trial court
granted judgment non obstante veredicto for Hooper and Robbins. We will affirm the judgment
of the trial court.

BACKGROUND


 TCB originally loaned Tubular $100,000 on May 10, 1982. This note was partially
supported by the personal sureties of defendants ($25,000 by Robbins and $50,000 by Hooper). 
Renewal notes were subsequently executed, dated July 9, August 9, September 23, and December
22 of that same year. Also during that period, appellee Hooper paid TCB $20,000 of the original
debt, reducing the note's principal amount to $80,000. The amount of Hooper's guaranty was
correspondingly reduced to $30,000.

 Thereafter, Robbins and Hooper paid TCB the full amount of their guaranties. 
After Tubular went out of business in May of 1983, TCB sued appellees Hooper and Robbins for
the remaining balance of $25,000, plus interest.

 TCB bases its theory of recovery against appellees as individuals on Tubular's
forfeiture of its corporate privileges, due to its failure to file a required tax report with the
Comptroller of Public Accounts on October 13, 1982. Tex. Tax Code Ann. § 171.255 (1982)
provides in part:



(a) If the corporate privileges of a corporation are forfeited for the failure to
file a report or pay a tax or penalty, each director or officer of the
corporation is liable for each debt of the corporation that is created or
incurred in this state after the date on which the report, tax, or penalty is
due and before the corporate privileges are revived.



 The issue at trial was whether the note executed by Tubular on December 22, 1982,
"created or incurred" any new obligation for which its officers and directors would be so liable. 
After the jury answered "yes" to Question No. 1 ("Was the debt created or incurred after October
13, 1982?"), the trial court granted appellee's motion for judgment non obstante veredicto, finding
that there was no evidence to support the jury's answer.



DISCUSSION


 "For a judgment non obstante veredicto to be upheld, it must appear that there is
no evidence of probative force in support of the disregarded jury finding. Thus, appellant's
burden on appeal is to point out some evidence of probative force in support of these findings." 
American Produce & Vegetable Co. v. J. D. Campisi's Italian Restaurant, 533 S.W.2d 380, 383
(Tex. Civ. App. 1975, writ ref'd, n.r.e.) (citations omitted).

 TCB seeks to hold Hooper and Robbins personally liable under § 171.255 of Tex.
Tax Code Ann. "Section 171.255 is said to be remedial in nature--that is, to assist and assure the
prompt reporting and payment of taxes. . . . But the Code section is also held to be penal in
nature and must be strictly construed to protect those individuals against whom liability is sought." 
Rogers v. Adler, 696 S.W.2d 674, 676-77 (Tex. App. 1985, writ ref'd n.r.e.), citing Schwab v.
Schlumberger Well Surveying Corp., 198 S.W.2d 79 (Tex. 1946). "[T]he liability imposed under
the statute is only for debts contracted after the forfeiture of the right to do business, and has no
application to the renewal of obligations arising prior thereto." Schwab, 198 S.W.2d at 81.

 It is TCB's burden to point to evidence that Tubular created or incurred new debt
after October 13, 1982 -- that the note executed December 22, 1982 was a novation, and not a
renewal of preexisting debt. American Produce, 533 S.W.2d at 383. There must be evidence that
the parties intended a novation. "Novation is never presumed. . . . It must be established by
express agreement of the parties or by acts clearly showing an intention to work a novation." 
McGee v. Eureka Life Ins. Co. of Am., 557 S.W.2d. 540, 542 (Tex. Civ. App. 1977, no writ).

 There was no express agreement to work a novation. Indeed, the note was clearly
marked "renewal," and TCB advanced no new funds. Nor has TCB pointed out and evidence of
acts clearly showing Tubular's intention to create or incur a new obligation. The evidence
brought to this court's attention may be evidence of the bank's intent, but it is no evidence of the
intent of other parties to the note executed on December 22, 1982. To summarize the evidence
pointed out by appellant:

 TCB's loan officer Tom Grant testified about the "factors that he considered." 
Grant and TCB's bank officer Roger Reininger testified about the terms "new" and "renewal" as
used by TCB. TCB's expert witness John Dorbrandt testified about "the custom and usage of the
term 'renewal' in banking circles in 1982." However, TCB has pointed out no evidence of "acts
clearly showing an intention to work a novation." McGee, 557 S.W.2d at 542. In particular,
TCB has pointed out no evidence clearly indicating Tubular's intent to create or incur new
corporate debt after October 13, 1982.

 TCB also claims that the trial court disallowed its attempts to elicit further evidence
of intentions. However, the record reflects that appellees' objection on this point was overruled
by the trial court.

 TCB has pointed out no evidence of acts that clearly indicate the parties' intention
to work a novation after October 13, 1982. In the absence of any such evidence, we conclude that
the note executed on December 22, 1982, did not create or incur any new obligation, but was
merely a renewal of a preexisting debt.

 We overrule appellant's point of error. The judgment of the trial court is affirmed.



 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Affirmed

Filed: March 11, 1992

[Do Not Publish]